## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES F. MANNINO, JR. and<br>BIANCA A. MARRERO,<br><br>                              Plaintiffs,<br><br>      v.<br><br>MARIE C. MANNINO and<br>JOAN CLOWES,<br><br>                              Defendants. | Civil Action No.<br><br><br>COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF |

## INTRODUCTION AND NATURE OF THE CASE

This is an action for damages and injunctive relief arising from the Defendants' unlawful use and conversion of funds that Plaintiffs reasonably expected they would inherit from their father as the sole beneficiaries of his Will.  Plaintiffs James F. Mannino, Jr. ("Jim") and Bianca A. Marrero ("Bianca"), the children of James F. Mannino, Sr. ("James"), bring this action to recover funds belonging to Plaintiffs, as the sole beneficiaries of James's Last Will and Testament (the "Will").  Plaintiffs allege that James's sister, Defendant Marie C. Mannino ("Marie"), and James's ex-wife, Defendant Joan Clowes ("Joan"), tortiously acted in concert to dispossess Plaintiffs of funds rightfully belonging to them under the Will in violation of Massachusetts law.  Plaintiffs, by and through their attorneys, seek money damages for injuries directly and proximately caused by the Defendants' unlawful conduct, injunctive relief to prevent further harm, and all costs and fees that this Court deems proper.

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity among the parties and the amount in controversy exceeds $75,000.

2.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants are residents of the Commonwealth of Massachusetts.

## PARTIES

3.      Jim resides in New York County, New York.

4.      Bianca resides in Palm Beach County, Florida.

5.      Marie resides in Hampden County, Massachusetts.  Marie is James's sister.

6.      Joan resides in Hampden County, Massachusetts.  Joan is James's ex-wife.

## STATEMENT OF FACTS

7.      Plaintiffs restate and reallege the preceding paragraphs as if fully set forth herein.

8.      James was the father of Jim and Bianca.

9.      James was diagnosed with Lewy Body Dementia in or around 2018 and Parkinson's disease shortly thereafter.

10.     On December 17, 2018, James made Bianca his durable power of attorney and named Bianca his Health Care Proxy.

11.     On December 17, 2018, James also executed his Will, naming Bianca as Executor (Exhibit 1). Bianca and Jim are the sole beneficiaries of the Will. (*Id.*)

12.     In or around July 2022, James removed Marie from an account at Bank of America (5512) that was held in trust for him and added Bianca as a joint owner.

13.     James died on December 9, 2022.

14.     At the time of James's death, he owned accounts with Marie as a joint account holder: a TD Ameritrade account worth at least $226,000.00 and a People's Bank account worth at least $449,000.00.

15.    Those accounts were comprised of James's funds, to be used for the benefit of James and paying for his expenses. Marie was added as a matter of convenience to enable her to pay for James's expenses; James did not intend the accounts to be gifts to Marie.

16.    Upon information and belief, the funds were to be used for the benefit of James, but Marie has claimed ownership of the accounts for her own personal benefit and to the exclusion of James and Bianca, as the rightful possessor of the funds under James's Will.

17.    Marie and/or Joan had possession of James's laptop, his private book of passwords for online accounts, and other identifying information such as James's social security number at the time of or immediately following his death.

18.    Upon information and belief, Joan and/or Marie changed the passwords to James's accounts, wrote checks to themselves out of the accounts, and took the funds for their own use and benefit.  Joan has also admitted to shredding James's book of passwords.

<u>**COUNT I**</u>
<u>**INTENTIONAL INTERFERENCE WITH AN EXPECTANCY**</u>
<u>(Against Marie)</u>

19.    Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

20.    Bianca and Jim reasonably expected an inheritance from their father as beneficiaries of his Will and as heirs-at-law, among other reasons. Their expected inheritance constitutes a legally protected interest.

21.    Marie was entrusted with James's accounts as a fiduciary, owing James all fiduciary duties, including the duties of loyalty and utmost good faith. At all times while having her name on the accounts, Marie was expected to use the accounts solely for the care and benefit of James during his lifetime, and she was to cede those accounts to the Estate upon James's death.

22.     Marie intentionally interfered with Bianca and Jim's expected inheritance when, in breach of her fiduciary duties and through other unlawful conduct, she knowingly made misrepresentations and personal use of funds held jointly for James's benefit, among other conduct calculated to frustrate James's wishes to devise his property exclusively to Bianca and Jim and with the purpose of interfering with Bianca and Jim's expected inheritance.

23.     Plaintiffs have no adequate probate remedy because, as a result of Marie's tortious and unlawful conduct, the assets at issue are not a part of James's probate estate, and James and Bianca are already the sole beneficiaries of the Will. A challenge to James's Will in probate court, therefore, would be futile.

24.     Marie's interference and unlawful conduct was continuous until the expected inheritance would have been realized.

25.     As the direct and proximate result of Marie's interference, the Plaintiffs have sustained damages, including, but not limited to the amount of the value of the subject accounts.

**<u>COUNT II</u>**
**<u>CONVERSION</u>**
(Against Marie)

26.     Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

27.     Marie wrongfully and intentionally exercised ownership and control over funds in James's bank accounts of which she had no right of possession or ownership.

28.     Bianca and Jim had the right of possession of the funds pursuant to the terms of James's Will at the time Marie converted the funds.

29.     Marie exercised complete control over the subject funds and refused the Plaintiffs' demands to surrender the funds.

30.     As a direct and proximate result, Bianca and Jim sustained damages as the rightful possessors of the funds under James's Will.

## COUNT III
## AIDING AND ABETTING
(Against Joan)

31.      Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

32.     As alleged in Count II, Marie wrongfully converted funds belonging to Plaintiffs.

33.     Joan knew that Marie was wrongfully converting the funds and that Plaintiffs had the right of possession.

34.     Upon information and belief, Joan actively participated in or substantially assisted Marie in committing the tort.

35.     Joan personally received funds from James's accounts after his death that rightfully belonged to Plaintiffs.

36.     As a direct and proximate result of Joan aiding and abetting Marie, Plaintiffs sustained damages.

## COUNT IV
## UNJUST ENRICHMENT
(Against Marie)

37.     Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

38.     Upon information and belief, Marie, unlawfully and in violation of her fiduciary duties, converted at least two of James's accounts, the TD Ameritrade account and People's Bank account, which were to be used for James's care and benefit, to her own use.

39.     Because these accounts were not a gift to Marie, they should have passed through James's Estate and to his children, Jim and Bianca, in accordance with the terms of his Will.

40.     As a direct and proximate result of Marie withholding funds rightfully belonging to James's Estate, and to Jim and Bianca pursuant to the terms of James's Will, Marie has been unjustly enriched in an amount to be determined by a jury at trial.

## COUNT V
## CIVIL CONSPIRACY
(Against Marie and Joan)

41.     Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

42.     Pursuant to a common plan to commit a tortious act, Marie and Joan wrongfully depleted James's assets and took other actions calculated to interfere with Bianca and Jim's expected inheritance and to misdirect James's inheritance to themselves.

43.     Marie and Joan took affirmative steps in furtherance of the plan, including accessing James's accounts and information on his personal computer, writing checks to themselves, and destroying James's password book in order to interfere with Bianca and Jim's expected inheritance.

44.     As a result, Bianca and Jim, have sustained damages in an amount to be determined at trial.

## COUNT VI
## CONSTRUCIVE TRUST
(Against Marie and Joan)

45.     Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

46.     By reason of Defendants' conversion, intentional interference with the Plaintiffs' inheritance, civil conspiracy, and the otherwise wrongful and unlawful manner in which they took funds rightfully belonging to Plaintiffs, Plaintiffs seek an imposition of a constructive trust.

47.     A constructive trust is necessary in order to protect the assets from transfer, dissipation or encumbrance, and to prevent fraud and the unjust enrichment of Marie and Joan at the expense of Plaintiffs.

## PRAYERS FOR RELIEF

**WHEREFORE**, having set out the foregoing Complaint against Marie and Joan, Plaintiffs hereby pray for the following relief:

a.     An order and a judgment awarding any and all appropriate equitable and monetary relief that compels, orders, and requires Defendants to make and/or distribute to Bianca and Jim in equal portions the funds that should have passed to Bianca and Jim as beneficiaries of James's Will, and other damages Defendants caused, the Plaintiffs to sustain, directly and indirectly.

b.     Imposition of a constructive trust by this Court on assets wrongfully taken;

c.     Pre- and post- judgment interest on all damages awarded;

d.     Such other and further legal and equitable relief as this Court may deem just and proper.

Respectfully submitted,
JAMES F. MANNINO, JR. and
BIANCA A. MARRERO

By their attorney,


*/s/ P. John Veysey*
P. John Veysey (BBO #693954)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710
john.veysey@nelsonmullins.com

Dated:  June 13, 2023